UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

MILTON RAY POLLACK,

    Petitioner,

v.

KEVIN CHAPPELL,

    Respondent.

                                /

No. C 05-1870 SI

**ORDER DENYING MOTION TO DISMISS AND DENYING MOTION FOR STAY AND ABEYANCE**

Petitioner Milton Ray Pollack is a condemned prisoner at California's San Quentin State Prison. Petitioner has filed an Amended Petition for Writ of Habeas Corpus containing forty claims. Respondent contends that the petition is a "mixed petition" containing both exhausted and unexhausted claims, and moves for the petition to be dismissed on those grounds. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982). Petitioner cross-moves for the petition to be stayed and held in abeyance in federal court pending his exhaustion of his claims in state court. For the following reasons, respondent's motion to dismiss is DENIED and petitioner's motion for stay and abeyance is DENIED WITHOUT PREJUDICE.

## BACKGROUND

After a jury trial in 1994, petitioner was convicted of two counts of first-degree murder, with special circumstances of multiple murders, murder in the commission of a robbery and murder in the commission of a burglary. The jury sentenced petitioner to death. The California Supreme Court

affirmed the judgment, *People v. Pollock*, 32 Cal. 4th 1153 (2004), and certiorari was denied in 2005. *Pollock v. California*, 543 U.S. 1070 (2005).

On May 5, 2005, petitioner filed a request in this Court for a stay of execution and appointment of federal counsel; petitioner's request was subsequently granted. In 2011, this Court appointed the Office of the Federal Public Defender of Arizona as petitioner's federal habeas counsel. On August 6, 2012, petitioner filed an Amended Petition for Writ of Habeas Corpus. The parties subsequently met and conferred regarding the status of the claims in the petition, and agreed that the following claims have not been exhausted: Claims 1, 2, 4, 15, 25, 26, 27, 35 and 38. The parties also agreed that portions of Claims 3, 10 and 40 have not been exhausted. Respondent's motion to dismiss and petitioner's cross-motion for stay and abeyance followed.

**LEGAL STANDARD**

Federal courts may not grant a writ of habeas corpus brought by a person in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement is grounded in principles of comity as it gives states the first opportunity to correct alleged violations of a prisoner's federal rights. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

In *Rose v. Lundy*, 455 U.S. 509 (1982), the Supreme Court held that for reasons of comity and federalism, district courts may not adjudicate mixed petitions, *i.e.* petitions containing exhausted and unexhausted claims. A district court is permitted, however, to stay a mixed petition to allow a petitioner to exhaust his claims in state court without running afoul of the one-year statute of limitations period for receiving federal habeas review imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Rhines v. Weber*, 544 U.S. 269, 273-75 (2005). A district court must stay a mixed petition if: 1) the petitioner has good cause for his failure to exhaust his claims; 2) the unexhausted claims are potentially meritorious; and 3) there is no indication that the petitioner intentionally engaged in dilatory tactics. *Id.* at 278.

Neither the Supreme Court nor the Ninth Circuit has articulated with precision what constitutes "good cause" for purposes of granting a stay under *Rhines*. In *Pace v. Digugliemo*, 544 U.S. 408, 416

(2005), the Supreme Court stated in dicta that a "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court" without exhausting state remedies first. The Ninth Circuit has clarified that "good cause" for failure to exhaust does not require "extraordinary circumstances." *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). Nonetheless, the good cause requirement should be interpreted in light of the Supreme Court's admonition that stays be granted only in "limited circumstances" so as not to undermine the AEDPA's twin goals of reducing delays in the execution of criminal sentences, and streamlining federal habeas proceedings by increasing a petitioner's incentive to exhaust all claims in state court. *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008). A petitioner's mistaken impression that his counsel included a claim in an appellate brief does not qualify as "good cause" for failure to exhaust, since such an allegation could be raised by any petitioner, rendering stay-and-abeyance orders routine. *Id*.

District courts have diverged in their interpretation of good cause. A number of courts have analogized it to the good cause requirement for overcoming procedural default. *See*, *e.g.*, *Hernandez v. Sullivan*, 397 F. Supp. 2d 1205,1207 (C.D. Cal. 2005); *Bader v. Warden*, 2005 WL 1528761 at *7 (D. N.H. 2005) (unpublished memorandum). Under the procedural default doctrine, the "cause" standard requires a petitioner to show that some objective factor external to the defense impeded counsel's efforts to raise the claim in state court. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Other courts have found the "good cause" requirement for a stay to be less stringent than that required in the procedural default context. *See*, *e.g.*, *Corjasso v. Ayers*, 2006 WL 618380 at *1 (E.D. Cal. 2006) (comparing good cause standard to that of excusable neglect), *Hoyos v. Cullen*, 2011 U.S. Dist. LEXIS 462 (S.D. Cal. 2011) (same).

**DISCUSSION**

Respondent moves to dismiss the petition because it includes unexhausted claims. Petitioner counters that a mixed petition may be stayed – and the unexhausted claims subsequently brought before the state court – provided that he demonstrates good cause for his failure to exhaust, establishes that his claims are potentially meritorious, and shows that he did not intentionally engage in dilatory tactics. *Rhines*, 544 U.S. at 273-78.

Petitioner thus requests that his petition be stayed pending his exhaustion of nine claims and three partial claims in state court. These claims are as follows:

- Claim 1: Improper excusal by the trial court of six qualified jurors and ineffective assistance of counsel in response.
- Claim 2: Juror misconduct.
- Claim 3 (in part): Prosecutorial misconduct and ineffective assistance of counsel in response.
- Claim 4: Prosecutorial misconduct.
- Claim 10 (in part): Ineffective assistance of counsel due to failure to object.
- Claim 15: Ineffective assistance of counsel in eliciting testimony.
- Claim 25: Ineffective assistance of state habeas counsel to develop and raise claims.
- Claim 26: Judicial misconduct.
- Claim 27: Incomplete trial record, such that adequate appellate review is precluded.
- Claim 35: Lack of impartiality of the California Supreme Court due to political pressure.
- Claim 38: Death penalty is categorically cruel and unusual punishment.
- Claim 40 (in part): Cumulative error.

Petitioner maintains that ineffective assistance of counsel constitutes good cause for his failure to exhaust the above claims. He argues that both his appellate and his post-conviction counsel were ineffective in investigating and raising his unexhausted claims, and cites to ABA standards for capital counsel in support of his argument. Additionally, petitioner relies on the United States Supreme Court's recent decision in *Martinez v. Ryan,* 132 S. Ct. 1309, 1315 (2012) for support.

Petitioner fails to demonstrate good cause. Mere allegations of ineffective assistance do not constitute good cause. *See Nichols v. Knipp*, 2011 U.S. Dist. LEXIS 97758 at *6 (E.D. Cal. Aug. 31, 2011), *Gray v. Ryan*, 2010 U.S. Dist. LEXIS 127468 at * 12 (S.D. Cal. Oct. 27, 2010); *see also Sum v. Clark*, 2011 U.S. Dist. LEXIS 2011 U.S. Dist. LEXIS 94607 at *15 (E.D. Cal. August 24, 2011), *Meredith v. Lopez*, 2011 U.S. Dist. LEXIS 70772 at *9 (June 30, 2011), *Mora v. McDonald*, 2009 WL 2190812 at 5 (C.D. Cal. July 17, 2009). Petitioner does not adequately explain how counsel's performance fell below an objective standard of reasonableness nor how the deficient performance

prejudiced him. *See Wooten*, 540 F.3d at 1024 fn. 2, *citing Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). If a mere allegation of ineffective assistance constituted good cause, stay and abey orders would be routine, in contravention of the Ninth Circuit's guidance in *Wooten*. *Id*. at 1024.

Additionally, petitioner has not shown that *Martinez* compels the result he seeks. The *Martinez* Court held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 132 S. Ct. at 1315. As petitioner acknowledges, however, *Martinez* does not directly address the good cause standard at issue, and the Court finds that, at this juncture, petitioner has not demonstrated its applicability here.

Because the Court finds that petitioner has failed to establish good cause, it need not address the potential merits of petitioner's claims or whether he has shown an absence of dilatory tactics.

## CONCLUSION

As discussed above, because a mixed petition may be stayed rather than dismissed, respondent's motion to dismiss is DENIED. Petitioner however, has not shown good cause for a stay. Accordingly, his motion for stay and abeyance is DENIED WITHOUT PREJUDICE. Petitioner may again seek a stay by filing a renewed motion that shows that a stay is warranted. If petitioner chooses to file a renewed motion, he is directed to more thoroughly address the alleged ineffective assistance of his appellate and post-conviction counsel, and both parties are directed to thoroughly address the applicability, if any, of *Martinez*.

In the alternative, petitioner may delete the unexhausted claims from his petition and proceed with the litigation of the remainder of his claims. Any renewed motion for a stay or request to delete claims must be filed within 60 (sixty) days of the date of this Order.

**IT IS SO ORDERED**.

DATED: February 22, 2013

SUSAN ILLSTON
United States District Judge

5