1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

MILTON RAY POLLACK,                         No. C 05-1870 SI

        Petitioner,                          **ORDER**

    v.

KEVIN CHAPPELL,

        Respondent.
_____/

**INTRODUCTION**

    Petitioner Milton Ray Pollack is a condemned prisoner at California's San Quentin State Prison. Petitioner has filed an Amended Petition for Writ of Habeas Corpus containing forty claims. Respondent contends that the petition is a "mixed petition" containing both exhausted and unexhausted claims, and moves for the petition to be dismissed on those grounds. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982). Petitioner cross-moves for the petition to be stayed and held in abeyance in federal court pending his exhaustion of his claims in state court. On February 22, 2013, this Court denied respondent's motion to dismiss and denied without prejudice petitioner's motion for stay and abeyance. The parties have since filed supplemental briefs, and for the following reasons, petitioner's motion for stay and abeyance is GRANTED.

**BACKGROUND**

    Petitioner was convicted in 1994 by a jury of two counts of first-degree murder, with special

1   circumstances of multiple murders, murder in the commission of a robbery and murder in the

2   commission of a burglary.  The jury also sentenced petitioner to death.  The California Supreme Court

3   affirmed the judgment, *People v. Pollock*, 32 Cal. 4th 1153 (2004), and certiorari was denied in 2005.

4   *Pollock v. California*, 543 U.S. 1070 (2005).

5       On May 5, 2005, petitioner filed a request in this Court for a stay of execution and appointment

6   of federal counsel; petitioner's request was subsequently granted.  In 2011, this Court appointed the

7   Office of the Federal Public Defender of Arizona as petitioner's federal habeas counsel.  On August 6,

8   2012, petitioner filed an Amended Petition for Writ of Habeas Corpus.  The parties subsequently met

9   and conferred regarding the status of the claims in the petition, and agreed that the following claims

10  have not been exhausted: Claims 1, 2, 4, 15, 25, 26, 27, 35 and 38.  The parties also agreed that portions

11  of Claims 3, 10 and 40 have not been exhausted.  Respondent's motion to dismiss and petitioner's cross-

12  motion for stay and abeyance followed.

13

14                                    **LEGAL STANDARD**

15  **I.     Exhaustion**

16      Federal courts may not grant a writ of habeas corpus brought by a person in custody pursuant

17  to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the

18  State."  28 U.S.C. § 2254(b)(1) (A).  The exhaustion requirement is grounded in principles of comity

19  as it gives states the first opportunity to correct alleged violations of a prisoner's federal rights.

20  *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

21      A federal constitutional claim is exhausted when it has been "fairly presented" to the highest

22  state court and that court has had a meaningful opportunity to apply controlling legal principles to the

23  facts underlying the claim.  *Picard v. Connor*, 404 U.S. 270, 276-77 (1971); *Anderson v. Harless*, 459

24  U.S. 4, 7 (1982); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985), *cert. denied*, 478 U.S. 1021

25  (1986).  A claim has been "fairly presented" if the petitioner described in state court both the legal

26  theories and the operative facts on which he bases the claim.  *Picard*, 404 U.S. at 277-78; *see Crotts v.*

27  *Smith*, 73 F.3d 861, 865 (9th Cir. 1995).

28      In *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011), the Supreme Court held that federal

habeas review under 28 U.S.C. § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.  Once a state court has decided the claim on the merits, "evidence later introduced in federal court is irrelevant."  *Id*. at 1400.  Although *Pinholster* did not address exhaustion issues, after its issuance, if a federal habeas petitioner wishes for a federal court to consider new evidence in deciding whether his claims survive review under Section 2254(d)(1), he must first present that evidence in state court.  *See*, *e.g.*,  *Gonzalez v. Wong*, 667 F.3d 965 (2011) (potentially meritorious *Brady* claim supported by newly-discovered materials obtained during federal habeas proceedings remanded to district court with instructions to stay proceedings to permit petitioner to present claim to California Supreme Court.)

## II.    Stay and Abeyance

The Supreme Court follows a rule of "total exhaustion," requiring that all claims in a habeas petition be exhausted before a federal court may grant the petition.  *Rose*, 455 U.S. 509, 522 (1982).  A district court is permitted, however, to stay a mixed petition to allow a petitioner to exhaust his claims in state court without running afoul of the one-year statute of limitations period for receiving federal habeas review imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  *Rhines v. Weber*, 544 U.S. 269, 273-75 (2005).  A district court must stay a mixed petition if: 1) the petitioner has good cause for his failure to exhaust his claims, 2) the unexhausted claims are potentially meritorious, and 3) there is no indication that the petitioner intentionally engaged in dilatory tactics.  *Id.* at 278.

Neither the Supreme Court nor the Ninth Circuit has articulated with precision what constitutes "good cause" for purposes of granting a stay under *Rhines*.  In *Pace v. Digugliemo*, 544 U.S. 408, 416 (2005), the Supreme Court stated in dicta that a "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court" without exhausting state remedies first.  More recently, in *Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (2012), the Supreme Court held that ineffective assistance of post-conviction counsel may constitute cause for overcoming procedural default.  Numerous courts have drawn an analogy between "good cause" for failure to exhaust and the showing required to overcome a procedural bar.  *See*, *e.g.*, *Hernandez v.*

*Sullivan*, 397 F. Supp. 2d 1205,1207 (C.D. Cal. 2005).

The Ninth Circuit has clarified that "good cause" for failure to exhaust does not require "extraordinary circumstances." *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). Nonetheless, the good cause requirement should be interpreted in light of the Supreme Court's admonition that stays be granted only in "limited circumstances" so as not to undermine the AEDPA's twin goals of reducing delays in the execution of criminal sentences, and streamlining federal habeas proceedings by increasing a petitioner's incentive to exhaust all claims in state court. *Wooten v. Kirkland,* 540 F.3d 1019, 1024 (9th Cir. 2008). A petitioner's mistaken impression that his counsel included a claim in an appellate brief does not qualify as "good cause" for failure to exhaust, as such an allegation could be raised by any petitioner, rendering stay-and-abeyance orders routine. *Id*.

District courts have diverged in their interpretation of good cause. As noted above, a number of courts have analogized it to the good cause requirement for overcoming procedural default. *See, e.g.*, *Hernandez*, 397 F. Supp. 2d 1207; *Bader*, 2005 WL 1528761 at *7. Under the procedural default doctrine, the "cause" standard requires a petitioner to show that some objective factor external to the defense impeded counsel's efforts to raise the claim in state court. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Other courts have found the "good cause" requirement for a stay to be less stringent than that required in the procedural default context. *See, e.g.*, *Corjasso v. Ayers*, 2006 WL 618380 at *1 (E.D. Cal. 2006) (comparing good cause standard to that of excusable neglect); *Hoyos v. Cullen*, 2011 U.S. Dist. LEXIS 462 (S.D. Cal. 2011) (same).

## DISCUSSION

Respondent moves to dismiss the petition because it includes unexhausted claims. Petitioner counters that a mixed petition may be stayed – and the unexhausted claims subsequently brought before the state court – provided that he demonstrates good cause for his failure to exhaust, establishes that his claims are potentially meritorious, and shows that he did not intentionally engage in dilatory tactics. *Rhines*, 544 U.S. at 273-78.

Petitioner thus requests that his petition be stayed pending his exhaustion of nine claims and three partial claims in state court. These claims are as follows:

- Claim 1: Improper excusal by the trial court of six qualified jurors and ineffective assistance of counsel in response.
- Claim 2: Juror misconduct.
- Claim 3 (in part): Prosecutorial misconduct and ineffective assistance of counsel in response.
- Claim 4: Prosecutorial misconduct.
- Claim 10 (in part): Ineffective assistance of counsel due to failure to object.
- Claim 15: Ineffective assistance of counsel in eliciting testimony.
- Claim 25: Ineffective assistance of state habeas counsel to develop and raise claims.
- Claim 26: Judicial misconduct.
- Claim 27: Incomplete trial record, such that adequate appellate review is precluded.
- Claim 35: Lack of impartiality of the California Supreme Court due to political pressure.
- Claim 38: Death penalty is categorically cruel and unusual punishment.
- Claim 40 (in part): Cumulative error.

## I.   Good Cause

### A.   Ineffective Assistance of Counsel

In his renewed motion, petitioner maintains that the ineffective assistance of his appellate and post-conviction counsel may satisfy *Rhines*' good cause requirement. Petitioner argues that by meeting the "cause" standard articulated in *Martinez*, he has also shown good cause under *Rhines*. Respondent counters that the holding in *Martinez* is a narrow one, designed only to apply in the context of the cause required to excuse procedural default, and not to the good cause requirement under *Rhines*. This Court, however, need not determine whether the alleged ineffective assistance of petitioner's appellate and post-conviction counsel constitutes good cause because, as discussed *infra*, *Pinholster* warrants a stay of the petition.

### B.   *Pinholster*

Respondent maintains that petitioner is relying on *Martinez* in an attempt to circumvent the rule

United States District Court
For the Northern District of California

1 established by *Pinholster* that habeas review under 28 U.S.C. § 2254(d)(1) is limited to the record that

2 was before the state court that adjudicated the claim on the merits.  Petitioner counters that he is

3 attempting to comply with *Pinholster* by returning to state court to present his claims.  The Court agrees

4 with petitioner, and further concludes that the Supreme Court's recent decision in *Pinholster* compels

5 petitioner's return to state court for exhaustion proceedings.

6       Under *Reed v. Ross*, 468 U.S. 1, 16 (1984), a change in the law may constitute "cause" for failure

7 to comply with applicable procedures.  In *Reed*, the Supreme Court held that "where a constitutional

8 claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his

9 failure to raise the claim in accordance with applicable . . . procedures."  *Id.*  The Court outlined several

10 examples of when a claim is "not reasonably available" so as to be considered novel, including a

11 situation where the Court issues a decision that "disapprove[s] a practice . . . sanctioned in prior cases."

12 *Id.* at 17.  As discussed below, *Pinholster* is such a decision.

13       The *Pinholster* decision introduced a significant shift in the law sufficient to constitute "cause."

14 As noted in *Martinez v. Martel*, *Order Granting Leave To Amend And A Stay Pursuant To Rhines v.*

15 *Weber*, CV 04-09090 (C.D. Cal. July 17, 2011):

16     *Pinholster* significantly altered what petitioner must do to exhaust his federal
constitutional claims so that the federal court can review them. . . . Under the traditional
17     test, exhaustion occurs when a habeas petitioner has 'fairly presented' his or her claim
to the highest state court. . . . Under traditional analysis, new evidence presented for the
18     first time in federal court does not render a claim unexhausted unless it 'fundamentally
alter[s] the legal claim already considered by the state courts.'  Prior to *Pinholster*, the
19     Court consistently held that traditional exhaustion doctrine was unaffected by AEDPA.
Although *Pinholster* does not, by its terms, purport to alter the exhaustion requirement,
20     *Pinholster* holds that, in determining whether a habeas petitioner's claim survives review
under AEDPA, 'review under § 2254(d)(1) is limited to the record that was before the state
21     court that adjudicated the claim on the merits.' . . . After *Pinholster*, if a federal
habeas petitioner wishes for a federal court to consider new evidence in deciding
22     whether his claims survive review under Section 2254(d)(1), he must first present that
evidence in state court.  Although not couched in terms of exhaustion, *Pinholster*'s
23     holding substantially tightens the exhaustion requirement, imposing a 'new obligation'
with which a habeas petitioner must comply to obtain de novo review of his claims in
24     federal court.

25 *Martinez* at 37-39 (internal citations omitted).  Because the change in the law effected by *Pinholster*

26 implicates a circumstance constituting "cause" under *Reed*, it constitutes good cause for petitioner's

27 failure to exhaust.  *See also Burney v. Martel, Order On Petitioner's Motion For A Stay Pending*

28 *Exhaustion*, CV 10-0546 (C.D. Cal. November 14, 2011).

**II.     Merit of Claims and Absence of Dilatory Tactics**

Based on its review of the record, the Court can not conclude that petitioner's unexhausted claims are "plainly meritless." *Rhines*, 544 U.S. at 277.  Finally, the Court already found that petitioner has been pursing his right diligently when it granted equitable tolling.  (Docket No. 24). There is no further evidence that petitioner has engaged in dilatory litigation tactics to date.   Thus, petitioner satisfies the second and third prongs of *Rhines*.


### CONCLUSION

Because petitioner has demonstrated good cause for a stay, his motion for stay and abeyance is GRANTED.  Accordingly:

1)     Pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), federal proceedings in this matter are STAYED until the California Supreme Court rules on petitioner's state habeas petition;

2)     The Federal Public Defender for the District of Arizona is GRANTED permission to represent petitioner is state exhaustion proceedings;

3)      Petitioner will inform the Court of the date of filing of his state habeas petition, and submit quarterly status reports thereafter.


**IT IS SO ORDERED**.


DATED: September 16, 2013

SUSAN ILLSTON
United States District Judge

United States District Court
For the Northern District of California

7